1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11

BILLY DWAYNE MURRAY,                    1: 07 CV 00489 AWI  WMW HC

12
                     Petitioner,          MEMORANDUM OPINION AND ORDER
13                                         RE RESPONDENT'S MOTION TO DISMISS
                                           PETITION FOR WRIT OF HABEAS CORPUS
14        v.

15                                         [Doc. 9]

SUSAN HUBBARD, DIRECTOR,
16                                         CERTIFICATE OF APPEALABILITY DENIED
                     Respondent.
17   _____/

18
19
20

        Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28
21
U.S.C. Section 2254.  This petition challenges two institutional disciplinary hearings, which resulted
22
in the loss of 150 days of credit.  Pending before the court is Respondent's motion to dismiss.
23

## PROCEDURAL HISTORY
24
        On December 13, 2003, Petitioner was charged with possession of a controlled medication in
25
Rules Violation Report, Log #03-FD-12-079.  On January 26, 2004, a disciplinary hearing was held,
26
wherein Petitioner was found guilty of possession of a controlled medication, which resulted in a
27
permanent credit loss of 150 days.  Petitioner received a copy of the hearing officer's findings on
28

1   February 19, 2004.

2          On February 8, 2004, Petitioner was charged with possession of a controlled medication in

3   connection with Rules Violation Report, Log #04-FD-02-073.  On February 29, 2004, a disciplinary

4   hearing was held and Petitioner was found guilty of possession of a controlled medication.

5   Petitioner was assessed a permanent credit loss of 150 days.  On March 9, 2004, Petitioner received a

6   copy of the senior hearing officer's written findings.

7          Petitioner filed an administrative appeal which challenged a disciplinary finding that he was

8   guilty of possession of a controlled medication in connection with the first Rules Violation Report,

9   Log #03-FD-12-079.  The appeal was screened out on March 4, 2004, for failure to attach the

10  necessary documents required to process the appeal.  Murray resubmitted the administrative appeal

11  on June 28, 2004.  The appeal was rejected because it was untimely.  However, Petitioner was given

12  two separate opportunities to submit an explanation and supporting documentation to justify why he

13  did not or could not file a timely appeal.  Instead, Petitioner filed an appeal at the Director's level,

14  which was returned to him because he did not complete the second level review process.

15         On November 8, 2006, Petitioner filed a petition for writ of habeas corpus in Kern County

16  Superior Court.  The court denied the petition on November 27, 2006, as procedurally defective.  On

17  December 13, 2006, Petitioner filed a petition for writ of habeas corpus in the California Court of

18  Appeal, Fifth Appellate District ("Court of Appeal").    The court denied the petition on January 17,

19  2007, finding that Petitioner had failed to show that the disciplinary hearing was not supported by

20  some evidence.    On February 7, 2007, Petitioner filed a petition with the California Supreme Court.

21  The court denied the petition on February 7, 2007, with a citation to In re Dexter, 25 Cal.3d 921

22  (1979).

23         Petitioner filed the present petition in this court on March 28, 2007.

24                                      **LEGAL STANDARDS**

25         JURISDICTION

26         Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

27  to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

28  the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct.

1   1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by

2   the United States Constitution.  In addition, the conviction challenged arises out of Kern Valley State

3   Prison, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).

4   Accordingly, the court has jurisdiction over the action.

5        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

6   1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

7   Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.

8   586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97

9   F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*

10  *grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

11  to cases filed after statute's enactment).  The instant petition was filed after the enactment of the

12  AEDPA, thus it is governed by its provisions.

13  STANDARD OF REVIEW

14       This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

15  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

16  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

17       The AEDPA altered the standard of review that a federal habeas court must apply with

18  respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

19  Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

20  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

21  involved an unreasonable application of, clearly established Federal law, as determined by the

22  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

23  determination of the facts in light of the evidence presented in the State Court proceeding." 28

24  U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

25  Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120

26  S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

27  concludes in its independent judgment that the relevant state-court decision applied clearly

28  established federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather,

1   that application must be objectively unreasonable." Id. (citations omitted).

2       While habeas corpus relief is an important instrument to assure that individuals are

3   constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

4   Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

5   conviction is the primary method for a petitioner to challenge that conviction. Brecht v.

6   Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual

7   determinations must be presumed correct, and the federal court must accept all factual findings made

8   by the state court unless the petitioner can rebut "the presumption of correctness by clear and

9   convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769

10  (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,

11  1388 (9th Cir. 1997).

12                          **DISCUSSION**

13      Respondent moves to dismiss this petition on the grounds that it is untimely and that

14  Petitioner has failed to exhaust state judicial remedies. Petitioner opposes the motion.

15      In connection with his opposition to Respondent's motion, Petitioner seeks appointment of

16  counsel. The court previously denied such a request on September 26, 2007, and finds no basis to

17  alter its previous decision. Accordingly, Petitioner's request for appointment of counsel will be

18  denied.

19      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

20  petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

21  Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5

22  of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be

23  raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground."

24  The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to

25  dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915

26  F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533

27  F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and

28  case law, the court will review Respondent's motion to dismiss pursuant to its authority under Rule

4.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Respondent contends that the petition was filed in this court more than three years from the date that Petitioner was aware of the factual predicate of his claims, and is therefore untimely. In making this contention, Respondent claims that although the statute of limitations period under the AEDPA generally begins to run from the day after the denial of an administrative appeal, Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004), such is not the case here. Rather, Respondent argues that the statute should run from the date on which Petitioner was given written notice of the hearing officer's decision finding him guilty.

Respondent cites Woodford v. Ngo, 126 S.Ct. 2378, 2385-2386 (2006), in which the Court discusses the application of the exhaustion requirement to habeas corpus petitions under the Prisoner Litigation Reform Act of 1995. The Court states:

> The habeas statute generally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court. See 28 U.S.C. §§ 2254(b)(1), (c). "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state-court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan v.

1   Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (alteration in original). A
2   state prisoner is generally barred  from obtaining federal habeas relief unless the prisoner has
    properly presented his or her claims through one "complete round of the State's established
3   appellate review process." Ibid. In practical terms, the law of habeas, like administrative law,
    requires proper exhaustion, and we have described this feature of habeas law as follows: "To
4   ... 'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has
    exhausted his state remedies, but also whether he has properly exhausted those remedies...."
    Id., at 848, 119 S.Ct. 1728 (citation omitted; emphasis in original).

Id. at 2387-88.  The Court further found that the PLRA uses the term "exhausted" to mean what the

term means in administrative law, where "exhaustion" means "proper exhaustion."   The Court cites

Pozo v. McCaughtry, 286 F.3d 1022, 1025(CA7) cert. denied, 537 U.S. 949, 123 S.Ct. 414, 154

L.Ed.2d 293 (2002), wherein the Seventh Circuit held that "[t]o exhaust remedies, a prisoner must

file complaints and appeals in the place, and at the time, the prison's administrative rules require."

The Seventh Circuit further explained that  proper exhaustion of administrative remedy "means

using all steps that the agency holds out, and doing so properly (so that the agency addresses the

issues on the merits)." Pozo, 286 F.3d, at 1024 (emphasis in original).

       Respondent claims that Petitioner "opted not to properly utilize the available administrative

appeal process," in regard to the first disciplinary matter and therefore allowed the statute of

limitations to run.  He therefore argues that the statute began running on February 19, 2004, in regard

to Log. No. 03-FD-12-079.   Respondent further claims that the record is silent as to whether

administrative remedies were exhausted as to the second disciplinary violation: Log No. 04-FD-02-

073.  He thus argues that the statute began running as to that proceeding on March 9, 2004, the date

he received a copy of the hearing officer's decision finding him guilty.

       In reviewing the facts of this case, the court must agree with Respondent that Petitioner failed

to properly exhaust the administrative remedies available to him.  Under the facts of Petitioner's

original appeal in Log No. 03-FD-12-079, Petitioner clearly failed to meet the requirement under

Pozo that an administrative appeal be filed at the place and time the prison's administrative rules

require.  Further, there is nothing in either the petition or Petitioner's opposition to the motion to

dismiss to contradict Respondent's assertion that the record is silent as to an administrative appeal in

Log No. 04-FD-02-073. The court must therefore agree with Respondent that Petitioner has failed to

exhaust his administrative remedies in regard to the claims raised in this petition.

1        The court cannot, however, agree with Respondent's further conclusion that because

2   Petitioner failed to properly exhaust his administrative remedies, the statute of limitations began

3   running on both of his disciplinary proceedings on the date that he received notice of the hearing

4   officer's decision.  Respondent cites no authority for this proposition, but simply asserts that when

5   there is "no conclusion" to an administrative appeal, the court should look to the date that the

6   petitioner received notice of the appealable decision to determine the date that the statute of

7   limitations began running.  The court is unwilling to make such a blanket ruling.  Moreover, it is

8   unnecessary for the court to reach this issue.  It is undisputed that Petitioner failed to exhaust his

9   administrative remedies in regard to the claims raised in this petition.  This substantiated by the

10  California Supreme Court's denial of Petitioner's petition with a citation to In re Dexter, 25 Cal.3d

11  921 (1979).  Dexter stands for the proposition that a prisoner, like other litigants, will not be afforded

12  judicial relief unless he has exhausted available administrative remedies.   As set forth above,

13  exhaustion of administrative remedies is a requirement in 28 U.S.C. § 2254(c).  Therefore, this court

14  finds that this case should be dismissed under Rule 4 of the Rules Governing Section 2254 Cases, as

15  a  petition in which it "plainly appears from the face of the petition and any exhibits annexed to it

16  that the Petitioner is not entitled to relief in the district court ."  Accordingly, this case will be

17  dismissed.[1]

18       Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot

19  proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. §

20  2253, provides as follows:

21       (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge,
    the final order shall be subject to review, on appeal, by the court of appeals for the circuit in
22  which the proceeding is held.
    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a
23  warrant to remove to another district or place for commitment or trial a person charged with a
    criminal offense against the United States, or to test the validity of such person's detention
24  pending removal proceedings.
    (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not
25  be taken to the court of appeals from--
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises
26  out of process issued by a State court;  or

27  _____

28      [1]In light of this court's conclusion that Petitioner has failed to exhaust his administrative remedies, this court finds
    it unnecessary to reach the issue of Petitioner's failure to exhaust his state judicial remedies.

(B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.


Based on the foregoing, IT IS HEREBY ORDERED as follows:

1)   Petitioner's request for appointment of counsel is DENIED;

1)   Respondent's motion to dismiss [Doc. 9] is GRANTED;

2)   Petitioner's motions for ruling [Doc. 12, 14] are DENIED as moot;

3)   A certificate of appealability is DENIED;

4)   This petition for writ of habeas corpus is DISMISSED  for failure to exhaust state administrative remedies;

5)   The Clerk of the Court is directed to enter judgment for Respondent and to close this case.


IT IS SO ORDERED.

**Dated:    March 7, 2008              _____/s/ Anthony W. Ishii_____**
UNITED STATES DISTRICT JUDGE